UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O DRAYTON, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-06020-ODW-JC<br><br>ORDER (1) ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; (3) SUA SPONTE DISMISSING THIS ACTION AS AGAINST DEFENDANT DRAYTON; AND (4) DIRECTING PLAINTIFF TO FILE RESPONSE TO ORDER |

　　　The Court has conducted the review required by 28 U.S.C. § 636 and accepts the findings, conclusions and recommendation of the Magistrate Judge reflected in the June 4, 2025 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"). (Docket Nos. 51, 52). The Court has further reviewed and agrees with the Magistrate Judge's June 5, 2025 Order Directing Plaintiff to Show Cause Why This Action Should Not Be Dismissed as Against Defendant Drayton ("OSC"). (Docket No. 53). The Court notes that the Magistrate Judge has extended Plaintiff's deadline to file Objections to the Report and Recommendation and to file a Response to the OSC multiple

times, mostly recently extending such deadline to September 29, 2025. (Docket Nos. 55, 60). To date, Plaintiff has not filed any such Objections or Response.

IT IS HEREBY ORDERED:

1. This action is dismissed without prejudice as against Defendant Drayton based on Plaintiff's failure to respond to the OSC and to provide accurate and sufficient information to enable service of the operative complaint and summons to be effected on Defendant Drayton, Plaintiff's failure to prosecute this action as against Defendant Drayton, and Plaintiff's failure timely to comply with the Magistrate Judge's June 10, 2024 Order directing Plaintiff to supply the Court with information (*i.e.*, an address), sufficient to effect service upon such Defendant;

2. The Motion to Dismiss Second Amended Complaint (Docket No. 43; "Motion to Dismiss") filed by Defendants Correctional Officers Penate, Bowden/Bolton,[1] Santamaria, Rosas, Mimaki, Kouzmitch, Serrano, Carreon, Root, and Galvan, Correctional Sergeants Aguirre and Almos, Correctional Lieutenants Mijuarez and Martinez, and Assistant Warden Jordan (collectively, "Moving Defendants") is granted in part and denied part as follows:

   a) Plaintiff's claim for monetary damages against the Moving Defendants to the extent they are sued in their official capacities for violations of the Eighth Amendment under 42 U.S.C. § 1983 is dismissed without leave to amend;

   b) Plaintiff's claim for punitive damages against the Moving Defendants under the ADA Title II (which is brought against

///

---

[1] The Court refers to such Defendant as Bowden/Bolton for the reasons explained in the Report and Recommendation. See Report and Recommendation at 3 note 4),

           the Moving Defendants in solely their official capacities) is dismissed without leave to amend;

      c)    Plaintiff's First Amendment retaliation claim against Defendants Bowden/Bolton, Galvan and Root is dismissed with leave to amend; and

      d)    the Motion to Dismiss is otherwise denied.

3.    Within twenty (20) days of the date of this Order, Plaintiff shall do one of the following:

      (a)    File a Third Amended Complaint which (i) cures the pleading defects identified in the Report and Recommendation regarding the First Amendment retaliation claim against Defendants Bowden/Bolton, Galvan, and Root; (ii) is otherwise complete in itself without reference to any prior version of the complaint or any other document; (iii) does not include the claims for monetary relief and punitive damages that the Court has dismissed without leave to amend; and (iv) does not add any new claims or new defendants without obtaining prior leave of the Court;[2] or

      (b)    File a Notice of Intent to Proceed Solely on Remaining Claims in Second Amended Complaint (which will result in this action

---

[2] Any Third Amended Complaint must also: (a) be labeled "Third Amended Complaint"; (b) contain a "short and plain" statement of each claim for relief "showing that [Plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (c) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (d) set forth clearly the sequence of events giving rise to the claims for relief and sequentially number the claims;
(e) reflect which claims are brought against which Defendant(s) in which capacity and allege specifically what each Defendant did and how that individual's conduct specifically violated Plaintiff's civil rights; and (f) name all remaining parties sued therein in the caption/title (Fed. R. Civ. P. 10(a)).

        proceeding on (i) Plaintiff's Title II ADA Claim Against the Moving Defendants Named Therein in Their Official Capacities Only for Non-Punitive Damages; (ii) Plaintiff's Eighth Amendment Claim Against the Moving Defendants Named Therein in Their Individual Capacities Only; and (iii) Plaintiff's First Amendment Retaliation Claim Against the Moving Defendants Named Therein in Their Individual Capacities Except Defendants Bowden/Bolton, Galvan and Root).

4. **Plaintiff is cautioned that Plaintiff's failure timely to file a Third Amended Complaint or a Notice of Intent to Proceed Solely on Remaining Claims in Second Amended Complaint may result in the dismissal of this action in whole or in part, with or without prejudice, on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

5. If Plaintiff files a Third Amended Complaint, the remaining Moving Defendants shall file a response thereto within fourteen (14) days of its filing.

6. If Plaintiff files a Notice of Intent to Proceed Solely on Remaining Claims in Second Amended Complaint, the remaining Moving Defendants shall file an Answer to the remaining portions of the Second Amended Complaint within fourteen (14) days of the filing date of the same.

7. If Plaintiff fails timely either to file a Third Amended Complaint or a Notice of Intent to Proceed Solely on Remaining Claims in Second Amended Complaint, the remaining Moving Defendants shall file an

Answer to the remaining portions of the Second Amended Complaint within fourteen (14) days of the expiration of Plaintiff's deadline to do so.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on Plaintiff and counsel for the Defendants who have appeared in this action (*i.e.*, the Moving Defendants).

IT IS SO ORDERED

DATED: October 27, 2025

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE