UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEREMY JONES,

          Plaintiff,

      v.

CORRECTIONAL OFFICER DRAYTON, et al.,

          Defendants.

Case No. 2:21-cv-06020-ODW-JC

MEMORANDUM OPINION AND ORDER DISMISSING ACTION

## I.    BACKGROUND AND SUMMARY

On July 23, 2021, Plaintiff Jeremy Jones, a California inmate who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 against nine California Department of Corrections and Rehabilitation employees working at the California State Prison, Los Angeles County in Lancaster, California ("CSP-LAC"):  Correctional Officers Drayton, Penate, Bowden, and Santamaria; Correctional Sergeants Aguirre and Almos; Correctional Lieutenants Mijuarez and Martinez; and Assistant Warden Jordan.  (Docket ("Dkt.") No. 1; Comp. at 1-4 (as paginated on the Court's electronic docket)).

On February 15, 2022, the assigned United States Magistrate Judge ("Magistrate Judge") – pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A – screened and dismissed the Complaint with leave to amend since, among other things, the Complaint violated Rule 8 of the Federal Rules of Civil Procedure.  (Dkt. No. 8).[1]

On June 7, 2022, Plaintiff filed a First Amended Complaint (alternatively, "FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Defendants named in the original Complaint – Jordan, Martinez, Mijuarez, Aguirre, Almos, Drayton, Penate, Bowden, and Santamaria – and seven new CSP-LAC employees: Correctional Officers Rosas, Mimaki, Kouzmitch, Serrano, Carreon, Root, and Galvan.  (Dkt. No. 16; FAC at 3-8 (as paginated on the Court's electronic docket)).

On February 27, 2023, the Magistrate Judge screened the First Amended Complaint and dismissed it with leave to amend due to multiple deficiencies, including violations of Rules 8 and 10 of the Federal Rules of Civil Procedure.  (Dkt. No. 17).[2]

On August 7, 2023, Plaintiff filed a Second Amended Complaint (alternatively, "SAC"), again suing the same sixteen Defendants named in the First Amended Complaint in their individual and official capacities.  (Dkt. No. 26).

On June 28, 2024, all Defendants other than unserved Defendant Drayton ("Defendants"), filed a Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss").  (Dkt. No. 43).  On July 19, 2024, Plaintiff filed an Opposition to the Motion to Dismiss.  (Dkt. No. 46).  On August 2, 2024, Defendants filed a Reply.  (Dkt. No. 47).

On June 4, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant in part and deny in part the Motion to Dismiss.  (Dkt. No. 52).  On June 5, 2025, the Magistrate Judge also issued an Order to Show

---

[1]This Court agrees with and adopts the Magistrate Judge's February 15, 2022 Order.

[2]This Court agrees with and adopts the Magistrate Judge's February 27, 2023 Order.

Cause directing Plaintiff to show cause why this action should not be dismissed as against unserved Defendant Drayton.  (Dkt. No. 53).  The Magistrate Judge extended Plaintiff's deadlines to file objections to the Report and Recommendation and a response to the Order to Show Cause multiple times.  (Dkt. Nos. 55, 60).  Ultimately, Plaintiff neither filed objections to the Report and Recommendation nor a response to the Order to Show Cause.

On October 27, 2025, this Court issued an Order ("October Order") (1) dismissing this action without prejudice as against Defendant Drayton based on Plaintiff's failure to respond to the Order to Show Cause and to provide accurate and sufficient information to enable service of the operative complaint and summons to be effected on Defendant Drayton, Plaintiff's failure to prosecute this action as against Defendant Drayton, and Plaintiff's failure timely to comply with the Magistrate Judge's June 10, 2024 Order directing Plaintiff to supply the Court with information sufficient to effect service upon such Defendant; (2) accepting the Report and Recommendation and granting in part and denying in part Defendants' Motion to Dismiss; (3) directing Plaintiff, within twenty (20) days (*i.e.*, by November 17, 2025) to file a Third Amended Complaint or a Notice of Intent to Proceed Solely on Remaining Claims; and (4) cautioning Plaintiff, in bold-face print, that Plaintiff's failure timely to file a Third Amended Complaint or a Notice of Intent to Proceed Solely on Remaining Claims may result in the dismissal of this action in whole or in part, with or without prejudice, on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the October Order.  (Dkt. 61).

On November 17, 2025, Plaintiff filed an unverified notice and request for extension claiming that he had filed a Third Amended Complaint and response to the Order to Show Cause on September 26, 2025 – items the Court has never received – and requesting an extension of time to resubmit such items and to move

for reconsideration.  (Dkt. No. 62).  The Magistrate Judge granted Plaintiff's request, extended Plaintiff's deadline to comply with the October Order to December  24, 2025, set December 24, 2025 as the deadline for Plaintiff to seek reconsideration, and again cautioned Plaintiff in bold-face print that his failure timely to file a Third Amended Complaint or a Notice of Intent to Proceed Solely on Remaining Claims may result in the dismissal of this action in whole or in part, with or without prejudice, on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the October Order.  (Dkt. No. 63).

Although the extended deadline to comply with the October Order and the deadline to file a motion for reconsideration expired weeks ago, to date, the Court has not received a Third Amended Complaint, a Notice of Intent to Proceed Solely on Remaining Claims, a response to the Order to Show Cause, or a motion for reconsideration from Plaintiff.  Nor has it received any other requests from Plaintiff since his November 17, 2025 submission.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order by the extended deadline to do so.

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in

complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A District Judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

**III.    DISCUSSION AND ORDER**

First, the Court has reviewed its October Order, and finds that it adequately and properly notified Plaintiff of the deficiencies in the Second Amended Complaint, dismissed the deficient portions thereof, and afforded Plaintiff leave to amend or to notify the Court that he wished to proceed solely on the remaining claims therein.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the October Order and the failure to prosecute. The Court has considered the five

factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, Plaintiff has been notified of the deficiencies in the Second Amended Complaint and has been given the opportunity to amend it or to notify the Court that he wishes to stand solely on the remaining claims therein.  There is no evidence in the record to establish that he has done either.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the October Order by the deadline/extended deadline to do so, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order by the extended deadline to do so.

IT IS SO ORDERED.

DATED: _January 26, 2026

_____

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE